People v Bradbury (2020 NY Slip Op 02577)





People v Bradbury


2020 NY Slip Op 02577


Decided on May 1, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., NEMOYER, TROUTMAN, WINSLOW, AND BANNISTER, JJ.


427 KA 17-00964

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SARAH J. BRADBURY, DEFENDANT-APPELLANT.






LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA, THE ABBATOY LAW FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Ontario County (Craig J. Doran, J.), rendered April 7, 2017. The judgment convicted defendant upon a jury verdict of driving while intoxicated, a class E felony (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the facts, the indictment is dismissed, and the matter is remitted to Supreme Court, Ontario County, for proceedings pursuant to CPL 470.45.
Memorandum: Defendant appeals from a judgment convicting her following a jury trial of two counts of felony driving while intoxicated (Vehicle and Traffic Law §§ 1192 [2], [3]; 1193 [1] [c] [i] [A]). We agree with defendant that the verdict is against the weight of the evidence, and we therefore reverse the judgment and dismiss the indictment.
At approximately 6:00 a.m. on the day in question, a passing motorist observed defendant outside of her car, which was stuck in the brush 20 to 30 feet off the roadway. The motorist stopped to offer assistance, but defendant said that she was all right and did not want the motorist to call 911. She said that another person had been driving the car when the car crashed and had fled the scene. The motorist called 911.
A State Police investigator responded to the scene and spoke with defendant. Defendant stated that she had met an individual named Paul at a nearby bar, where she drank three glasses of wine, and that they left the bar together at approximately 3:00 a.m. She further stated that Paul drove the car and, after crashing the car, he fled the scene on foot. She described Paul only as being approximately 5 feet 10 inches tall. The investigator performed field sobriety tests on defendant and concluded that defendant was intoxicated. A subsequent chemical test measured defendant's blood alcohol content at .10%.
A review of the weight of the evidence requires us to first determine whether an acquittal would not have been unreasonable (see People v Danielson, 9 NY3d 342, 348 [2007]). Where an acquittal would not have been unreasonable, we "must weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions" (id.). We conclude that an acquittal would not have been unreasonable in this case and, viewing the evidence in light of the elements of the crimes as charged to the jury (see id. at 349), we further conclude that the jury was not justified in finding defendant guilty beyond a reasonable doubt.
Defendant's assertion that the car had been operated by an individual named Paul was not inconsistent with the evidence at trial. Although defendant's request that the passing motorist [*2]not call 911 constituted evidence of consciousness of guilt, it is well settled that consciousness of guilt evidence is a "weak" form of evidence (People v Bennett, 79 NY2d 464, 470 [1992]). The failure of defendant to provide a more detailed description of Paul did little to disprove defendant's hypothesis of innocence, given the general nature of the questions posed to her and their emphasis on contact information for Paul that defendant reasonably was not in a position to provide. Finally, the testimony of the investigator that the position of the driver's seat in the car was inconsistent with the car being driven by someone who is 5 feet 10 inches tall, as opposed to defendant's height of 5 feet 7 inches, may have been persuasive if there were other such circumstantial evidence, but no other evidence existed here. Giving the evidence the weight it should be accorded, therefore, we find that the People failed to establish, beyond a reasonable doubt, that defendant operated the car that had gone off the roadway (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant's remaining contentions are academic in light of our determination.
Entered: May 1, 2020
Mark W. Bennett
Clerk of the Court